Lloyd Chris **WALKER**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–82–040–CR
(2541cr).

Court of Appeals of Texas,
Corpus Christi.

Feb. 18, 1982.

Discretionary Review Refused
March 17, 1982.

Mike DeGeurin, Houston, for appellant.

Robert Salinas, Dist. Atty., Edinburg, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from the denial of an application for a writ of habeas corpus. Tex.Code Crim.Proc.Ann. arts. 44.34 and .44.36 (Vernon Supp.1982). Appellant contends that art. 29.12 of the Texas Code of Criminal Procedure mandates that he be admitted to bail because the State has been granted more than one continuance. We agree.

The record reflects that the appellant was arrested in New Mexico on July 20, 1981 and transported to Travis County, where he was jailed without bail. Two indictments were issued by the Travis County Grand Jury against the appellant. One indictment charged him with two counts of the capital offense of murder "for hire". Texas Penal Code Ann. § 19.03(a)(3) (Vernon 1974). The other charged him with conspiracy to commit capital murder. In Count One of the capital murder indictment, the appellant was accused of shooting Charlene Elliot in Hidalgo County for Ten Thousand Dollars ($10,000), paid by Boyce Wayne Rummell. In Count Two, the appellant was accused of shooting Charlene Elliot in the course of shooting Michael Overstreet for Ten Thousand Dollars ($10,000), paid by Boyce Wayne Rummell. The conspiracy indictment accused the appellant of agreeing with Rummell, while in Travis County, to kill Michael Overstreet for Ten Thousand Dollars ($10,000).

The appellant filed an application for a writ of habeas corpus in Travis County seeking to have bail set. A Travis County District Court conducted a hearing and determined that the proof was evident that the appellant committed capital murder. Accordingly, bail was denied. The appellant then appealed to the Austin Court of Appeals, which affirmed the denial on December 9, 1981. On December 10, 1981, after two trial continuances were granted the State, the Travis County indictments against the appellant were dismissed. The appellant was then transported to Hidalgo County where two indictments were filed charging him with two capital murders. He was accused of killing Kevin Edwin Frase and Charlene Kay Elliot while attempting to kill Michael Lee Overstreet for Ten Thousand Dollars ($10,000), paid by Boyce Wayne Rummell. The appellant again applied for a writ of habeas corpus seeking to have bail set. Bail was denied and this appeal followed.

■ While the appellant was in the Travis County Jail under that county's indictments, the State requested and was granted two continuances of the trial. The appellant has never requested a continuance of the trial. In such a case, Tex.Code Crim. Proc.Ann. art. 29.12 requires that a capital murder defendant, being held without bail, be admitted to bail. In this case, however, the Hidalgo County trial court denied bail because the two continuances granted the State were of the Travis County trial. The court held that since the State has not been granted a continuance of the Hidalgo County trial, art. 29.12 does not apply. We disagree.

Article 29.12 provides:

If a defendant in a capital case demand a trial, and it appears that more than one continuance has been granted to the State, and that the defendant has not before applied for a continuance, he shall be entitled to be admitted to bail, unless it be made to appear to the satisfaction of the court that a material witness of the

State had been prevented from attendance by the procurement of the defendant or some person acting in his behalf. Tex.Code Crim.Proc.Ann. art. 29.12 (Vernon 1966).

The State has been granted more than one continuance of the appellant's trial. The fact that the continuances were granted in the Travis County trial, which was subsequently dismissed, does not change the fact that the appellant has been held in jail without bail throughout two continuances by the State. We hold that art. 29.12 applies to the appellant, and therefore appellant is entitled to be admitted to bail.

■ Appellant requests that we set bail based on the "record" he submitted to us of the Travis County hearing. The State filed an objection to said "record" and contended that we should not consider it because it did not comply with the requirements of Tex. Code Crim.Proc.Ann. art. 40.09 (Vernon Supp.1981). We agree.

Since no evidence is before us on the question of the amount of bail that might otherwise be fixed, we remand this case with instructions that such a hearing be conducted. The hearing shall be governed by Tex.Code Crim.Proc.Ann. art. 17.15 (Vernon 1977), and after such hearing bail shall be set in a reasonable amount.

The order denying the application for habeas corpus is vacated, and the cause is remanded for determination of reasonable bail, in accordance with the instructions stated herein.

It is so ordered.